**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4357**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEITHIE NAPOLEON MOSLEY,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry F. Floyd, District Judge. (CR-04-942-HFF)

---

Submitted: December 28, 2005      Decided: January 24, 2006

---

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David B. Betts, Columbia, South Carolina, for Appellant.  Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Keithie Napoleon Mosley pled guilty pursuant to one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924 (2000), and one count of possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), 5871 (2000). Counsel for Mosley filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Mosley filed a pro se supplemental brief, citing United States v. Booker, 543 U.S. 220 (2005).

The presentence investigation report ("PSR") recommended a base offense level of twenty-six for count one because Mosley had two prior felony convictions for "either a crime of violence or a controlled substance offense," and the 18 U.S.C. § 922(g) violation involved a gun described in 26 U.S.C. § 5845(a) (2000). See U.S. Sentencing Guidelines Manual § 2K2.1(a)(1) (2004). The PSR also found that Mosley had been convicted of at least three prior convictions for a violent felony or serious drug offense or both, committed on occasions different from one another. The PSR found Mosley to be an armed career criminal within the meaning of USSG § 4B1.4, and his offense level was enhanced to thirty-four. The PSR gave Mosley a three-level reduction for acceptance of responsibility and found a total offense level of thirty-one. Combined with Mosley's criminal history category of VI, the total

- 2 -

offense level of 31 corresponded to a sentencing range of 188 to 235 months' imprisonment.  See USSG Ch. 5, Pt. A, table.

Mosley's attorney first raises the issue of whether the court complied with Fed. R. Crim. P. 11.  We have reviewed the record and conclude Mosley's plea was entered knowingly and voluntarily.

Mosley next contends, through counsel and in his pro se supplemental brief, that his prior convictions were not "violent." The definitions of "serious drug offense" and "violent felony" are derived from 18 U.S.C. § 924(e) (2000).  We have reviewed the record and conclude that Mosley's prior convictions meet the statutory definition of "serious drug offense" and "violent felony" under § 924(e), nothwithstanding Mosley's claim that he did not employ violence in the commission of the offenses.

Next, Mosley alleges, both through counsel and pro se, that the court erred under Booker by finding that he had at least three prior convictions for a serious drug offense or violent felony.  Mosley argues he never admitted the prior convictions qualified as violent felony or serious drug convictions.  In Almendarez-Torres v. United States, 523 U.S. 224, 233-35 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions as a prerequisite for a district court to use those convictions for purposes of enhancing a

- 3 -

sentence.  Although the opinion in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), expressed some uncertainty regarding the future vitality of <u>Almendarez-Torres</u>, this court has subsequently clarified that <u>Almendarez-Torres</u> was not overruled by <u>Apprendi</u>, and remains the law.  <u>See</u> <u>United States v. Cheek</u>, 415 F.3d 349, 352-53 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 640 (2005).  In <u>Cheek</u>, this Court concluded that Cheek's designation as an armed career criminal based on his prior convictions did not violate the Sixth Amendment.  <u>Id.</u>; <u>see also</u> <u>United States v. Harp</u>, 406 F.3d 242, 247 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 297 (2005).

In <u>Shepard v. United States</u>, 125 S. Ct. 1254 (2005), the Supreme Court instructed that Sixth Amendment protections apply to disputed facts <u>about</u> a prior conviction that are not evident from "the conclusive significance of a prior judicial record."  <u>Id.</u> at 1262-63.  Here, Mosley does not contest any facts about his prior convictions used to arrive at the armed career criminal designation.  The court's determination that Mosley was an armed career criminal did not violate the Sixth Amendment.  <u>See</u> <u>United States v. Collins</u>, 412 F.3d 515, 521-23 (4th Cir. 2005); <u>cf.</u> <u>United States v. Washington</u>, 404 F.3d 834, 843 (4th Cir. 2005) (finding that district court's reliance on disputed facts <u>about</u> prior conviction to determine that it was crime of violence violated Sixth Amendment).  Accordingly, Mosley's sentence did not violate the Sixth Amendment.  Neither do we find that there is a

nonspeculative basis for remanding to the district court to determine whether Mosley was prejudiced by the mandatory application of the Guidelines to his sentence. See United States v. White, 405 F.3d 208, 223 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005).

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED